GAUDIN, Judge.
Appellant Roy Cadow and appellee Dr. Joseph DiLeo executed a contract whereby Dr. DiLeo was to purchase a residence situated at 3020 Tolmas Drive, Metairie, Louisiana, from Cadow. Following a judgment in Dr. DiLeo’s favor voiding the agreement because appellee was unable to borrow funds under terms and conditions recited in the contract, Cadow has taken this appeal.
The contract clearly states:
“This sale is conditioned upon the ability of the purchaser to borrow upon this property as security the sum of $85,900.00 by a mortgage loan or loans at a rate of interest not to exceed 9% per cent per annum ...”
Dr. DiLeo attempted to obtain 9% per cent financing by assuming Cadow’s Dryades Homestead 9% per cent loan, but his efforts were unsuccessful. Dr. DiLeo was offered instead an 11% per cent loan, which he declined.
It is Cadow’s contention that the transaction was not predicated on Dr. DiLeo’s ability to obtain a 9% per cent loan; rather, the *548 agreement was that Dr. DiLeo would move into the Tolmas Drive house and make payments on Cadow’s low interest loan until Dr. DiLeo sold his residence at 6329 Cartwright Street in New Orleans. Then, Dr. DiLeo would pay cash for Cadow’s Tolmas Drive property, eliminating the need for a mortgage loan.
There are parts of the contract suggesting that Cadow’s version is accurate. For example, hand-printed into the agreement, and initialed by the parties, is this clause:
“Upon receipt of all equity, contract to be recorded and seller gives all rights of ownership to purchaser.”
According to Cadow, this paragraph means that when Dr. DiLeo sold his Cartwright Street home and paid Cadow in full for the Tolmas Drive house, the contract was to be recorded, transferring “rights of ownership” to Dr. DiLeo.
The trial judge considered Cadow’s allegations, heard the testimony of the witnesses, including an officer of Dryades Homestead,[1] and concluded that the contract was conditional[2] and that it became void upon Dr. DiLeo’s inability to secure 9% per cent financing.
As the agreement was contested and in some respects unclear, the trial judge was correct in receiving extrinsic evidence.[3] Thus, the credibility of the witnesses came into substantial focus, and this issue was resolved in appellee’s favor. Dr. DiLeo and his wife both said that they meant to purchase Cadow’s house only if favorable financing (as stipulated in the contract) could be obtained.
It should be noted that the contract was executed on a Roy Cadow Real Estate form, and is entitled, “Agreement to Purchase or Sell.”
As in Canter v. Koehring, 283 So.2d 716 (La.1973), findings of fact in the trial court must be given considerable credence, particularly when the findings involve credibility of witnesses.
The Fourth Circuit, in Huisman v. Southern General Insurance Company, 203 So.2d 404, said:
“The trial court’s factual conclusions are entitled to great weight particularly those involving the credibility of witnesses and will not be disturbed unless they are found to be clearly erroneous.”
We cannot, in this case,.cast aside factual determinations as the record does not indicate that they are “clearly erroneous.”
The judgment nullifying the sued-on contract and ordering the return of the deposit to Dr. DiLeo is affirmed, with Cadow to bear all costs.
AFFIRMED.

.This witness confirmed the fact that Dr. Di-Leo’s request for a 9[3]A per cent loan was turned down.

. In accord with LSA-C.C. art. 2457.

. See Meaux v. Southdown Lands, Inc., 361 So.2d 974.